UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
January 6, 2010

---------------------------------------------------------------x
                                                               :
In re                                                          :     Chapter 11
                                                               :
RAMSEY HOLDINGS, INC., *et al.*,                               :     Case No. 09–13998-M
                                                               :
        Debtors.                                               :     (Jointly Administered with Case
                                                               :     Nos. 09-13999-M, 09-14000-M,
---------------------------------------------------------------x     09-14001-M and 09-14002-M)

**SECOND INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL;
(II) GRANTING ADEQUATE PROTECTION;
(III) MODIFYING AUTOMATIC STAY; AND (IV) SCHEDULING FINAL HEARING[1]**

On January 6, 2010, there came on for hearing ("Second Interim Hearing") before the Honorable Terrence L. Michael, United States Bankruptcy Judge, the Motions of Ramsey Holdings, Inc., Ramsey Industries, Inc., Ramsey Winch Company, Auto Crane Company and Eskridge, Inc. as debtors and debtors in possession (each individually, a "Debtor" and collectively, the "Debtors") in each Debtor's respective chapter 11 case (collectively, the "Cases"), pursuant to sections 105, 361, 362, 363, 503 and 507 of title 11 of the United States Code (the "Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of (1) this order (the "Second Interim Order") (a) authorizing the Debtors to use Cash Collateral (as hereinafter defined); (b) granting adequate protection; and (c) modifying the automatic stay; and (2) an order granting the relief requested in the Motion on a final basis (the "Final Order"), and the Court having reviewed and considered the Motion, and upon the representation that the Debtors and the Agent agree to the entry of this the Second Interim Order, finds and concludes:

---

[1] Capitalized terms contained herein shall have the same meaning ascribed to them in the First Interim Order.

{853992;}

1. Notice of the Second Interim Hearing on the Motion was given to all parties entitled to notice of this Second Interim Hearing as reflected by the Certificate of Service filed on January 5, 2010 [Doc. No. 65]. No objections to the Motion have been filed and the Motion is properly before the Court.

2. On December 28, 2009, the Court entered an Interim Order (i) Authorizing Use of Cash Collateral; (ii) Granting Adequate Protection; (iii) Modifying Automatic Stay; and (iv) Scheduling Second Interim Hearing, (the "First Interim Order") which authorized the Debtors to use cash collateral according to the terms stated therein through January 6, 2010.

3. The Agent agrees to the Debtors' continued use of cash collateral under the terms of the First Interim Order through January 28, 2010, according to the Budget attached hereto as Exhibit A (the "Budget" and collectively with the Budget attached to the First Interim Order, the "Budgets"), with the exception that, for the purposes of this Second Interim Order; (i) the Debtors' disbursements shall not exceed, on a line item by line item basis for the period from the Petition Date through January 28, 2010 (the "Post-petition Period"), one hundred fifteen percent (115%) of the Debtors' budgeted cash disbursements set forth in the Budgets for such line item; (ii) collections generated in the ordinary course of business for the Post-petition Period may not be more than fifteen percent (15%) lower than the amount of Total Sources (as defined in the Budgets) set forth in the Budgets for such period; and (iii) net sales prior to intercompany eliminations (as set forth in the daily shipment report for the last day of the Post-petition Period) generated in the ordinary course of business during the Post-petition Period may not be more than fifteen percent (15%) lower than the amount of Net Sales prior to intercompany eliminations (as defined in the Budgets), set forth in the Budgets for such period.

4.      Notice of Final Hearing. The Final Hearing on the Motion is set for 1:30 p.m. on January 28, 2010. The Debtors shall promptly serve by United States mail, first class postage prepaid, copies of the Motion (if not already served upon such party) and this Second Interim Order on the Interim Notice Parties and all persons requesting service of papers pursuant to Bankruptcy Rule 2002. Any party in interest objecting to the entry of a Final Order granting the Motion shall file a written objection with the Court no later than 4:00 p.m. on January 25, 2010, which objections shall be served so that the same are received on or before such date and time by: (i) GableGotwals, 1100 ONEOK Plaza, 1100 W. Fifth Street, Tulsa, Oklahoma 74103, Attn: Sidney K. Swinson, counsel to Debtors; and (ii) the Office of the Asst. United States Trustee for the Northern District of Oklahoma, 224 S. Boulder, Suite 225, Tulsa, Oklahoma 74103, Attn: Katherine Vance.

**IT IS THEREFORE ORDERED** that the Debtors may use Cash Collateral under the terms of the First Interim Order, as modified herein, for the period from January 7, 2010 through January 28, 2010**.**

**IT IS FURTHER ORDERED** that a final hearing on the Motion is scheduled for January 28, 2010 at 1:30 p.m.

**ENTERED** this 6th day of January, 2010.

BY THE COURT:

_____
TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

{853992;}3

Submitted by:
Sidney K. Swinson, OBA No. 8804
John D. Dale, OBA No. 19787
Brandon C. Bickle, OBA No. 22064
Sarah G. Powers, OBA NO. 22688
**GableGotwals, P.C.**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103
918.595.4800
918.595.4990 (facsimile)
sswinson@gablelaw.com
jdale@gablelaw.com
bkcyfilings@gablelaw.com

*Proposed Attorneys for the Debtors
and Debtors in Possession*

**Exhibit A**

**Budget**

Case 09-13998-M   Document 69   Filed in USBC ND/OK on 01/06/10   Page 6 of 6

| Ramsey Industries, Inc.<br>22 Day Cash Flow - Second Interim<br>($'s In thousands) | Forecast<br>4 Days Starting<br>1/7/2010 | Forecast<br>Wk Starting<br>1/11/2010 | Forecast<br>Wk Starting<br>1/18/2010 | Forecast<br>4 Days ending<br>1/28/2010 | TOTAL<br>Forecast<br>22 Days ending<br>1/28/2010 |
|---|---|---|---|---|---|
| **Weekly Net REVENUE/Invoicing** | | | | | |
| Auto Crane | $ 94 | $ 170 | $ 192 | $ 414 | $ 870 |
| Ramsey Winch | 135 | 257 | 367 | 297 | 1,056 |
| Eskridge | 58 | 142 | 184 | 219 | 603 |
| InterCompany | (8) | (14) | (15) | (29) | (66) |
| Net Sales | $ 279 | $ 555 | $ 728 | $ 901 | $ 2,463 |
| **Beginning Cash (book) Balance:** | $ 5,180 | $ 5,237 | $ 5,186 | $ 5,535 | $ 5,180 |
| **Sources:** | | | | | |
| Accounts Receivable Collections | $ 273 | $ 764 | $ 960 | $ 570 | $ 2,567 |
| Credit Card/Other | 6 | 13 | 13 | 10 | 42 |
| Total Sources | $ 279 | $ 777 | $ 973 | $ 580 | $ 2,609 |
| **(Uses):** | | | | | |
| Materials | $ 118 | $ 327 | $ 375 | $ 304 | $ 1,124 |
| Utility Deposits | - | - | - | - | - |
| General Accounts Payable | 38 | 121 | 161 | 120 | 440 |
| Schedule Support, Accounting | - | 10 | - | - | 10 |
| MAA Self-insured Medical & Rx | 58 | 45 | 45 | 36 | 184 |
| Payroll (Bi-Weekly) | - | 325 | - | 325 | 650 |
| Capital Expenditures | 6 | 5 | 6 | 15 | 32 |
| 401(k) Transfer to T. Rowe Price/DBRA | - | - | 27 | - | 27 |
| Minimum Pension Plan Contribution - AC | - | - | - | - | - |
| Minimum Pension Plan Contribution - RW | - | - | - | - | - |
| Risk Insurance Premiums | - | - | - | - | - |
| Franchise Taxes | - | - | - | - | - |
| Operations Total | $ 220 | $ 823 | $ 614 | $ 800 | $ 2,457 |
| **Net Change from Operations** | $ 59 | $ (46) | $ 359 | $ (220) | $ 152 |
| Severance Payments * | $ - | $ - | $ - | $ - | $ - |
| Land Acquisition CapEx | - | - | - | - | - |
| Office Renovation CapEx | - | - | - | - | - |
| Other CapEx Related to Plant Consolidation | - | - | - | - | - |
| Expenses for Plant Consolidation | 2 | - | - | - | 2 |
| Severance & Plant Consolidation Total | $ 2 | $ - | $ - | $ - | $ 2 |
| Interest - Senior | $ - | $ - | $ - | $ - | $ - |
| Default Interest - Senior | - | - | - | - | - |
| Interest - SWAPs | - | - | - | - | - |
| Debt - Senior (Scheduled Debt Principal Pmt) | - | - | - | - | - |
| Debt - Senior (Excess Cash Flow Principal) | - | - | - | - | - |
| Annual Agency Fee - CIT | - | - | - | - | - |
| Misc/Bank Fees for Commercial Bank Accts. | - | 5 | - | - | 5 |
| Financing Total | $ - | $ 5 | $ - | $ - | $ 5 |
| **Net Change:** | $ 57 | $ (51) | $ 359 | $ (220) | $ 145 |
| **Ending Cash Balance Book Before Onetimes** | $ 5,237 | $ 5,186 | $ 5,545 | $ 5,315 | $ 5,325 |
| Income Tax Payments (Refunds) | $ - | $ - | $ - | $ - | $ - |
| FA/CRO Fees | $ - | $ - | $ - | $ - | $ - |
| Ramsey Legal Fees & UST Costs | - | - | 10 | - | 10 |
| Committee Legal and Advisor Fees | - | - | - | - | - |
| Total One Time Expenses | $ - | $ - | $ 10 | $ - | $ 10 |
| **Ending Cash Balance Book After Onetime Costs** | $ 5,237 | $ 5,186 | $ 5,535 | $ 5,315 | $ 5,315 |